1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DAVID SCOTT HARRISON,

                                    Plaintiff,

v.

RON BROOMFIELD, Warden,

                                    Defendant.

Case No. 3:20-cv-0647-BAS-MSB

**ORDER: (1) DENYING MOTION FOR RECUSAL AND (2) DISMISSING PETITION AS SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION**

Petitioner David Scott Harrison has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) Petitioner has also filed a "Motion Recuse All Judges and Magistrate Judges of the United States District Court, Southern District of California." (ECF No. 3.) For the reasons discussed below, Petitioner's motion for recusal is denied and this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A). The motion to proceed in forma pauperis is denied as moot.

## MOTION FOR RECUSAL

Petitioner seeks recusal of all the United States District Judges and Magistrate Judges of the Southern District of California from this matter pursuant to 28 U.S.C. § 144 and § 455. (*See* ECF No. 3, at 1.) If a party brings a timely § 144 motion, and the

accompanying affidavit is determined to be legally sufficient, another judge must be assigned to hear the matter. *See* 28 U.S.C. § 144; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1990). An affidavit brought pursuant to § 144 is found to not be legally sufficient "unless it specifically alleges facts that fairly support the contention that the judge exhibits or prejudice directed toward a party that stems from an extrajudicial source." *Silba*, 625 F.2d at 868. However, a motion that is also brought pursuant to § 455 does not require the "referral of the question of recusal to another judge" because § 455 includes no such provision. *Id*.

"'In the absence of a legitimate reason to recuse himself, a judge has a duty to sit in judgment in all cases coming before him, . . . except those in which [his] 'impartiality might reasonably be questioned.'" *United States v. Holland*, 501 F.3d 1120, 1123 (9th Cir. 2007) (citations omitted); 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.")). A motion to disqualify "must be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 549 (1994).

Here, Petitioner asserts he has previously "brought litigation and a judicial complaint against [Chief] Judge Burns," who was the prosecutor on Petitioner's original criminal case in 1990. (ECF No. 3, at 9.) Petitioner claims that the "judges of this courthouse are all the brethren, colleagues, associates, allies, confederates and friends of Judge Burns." (*Id.* at 5.) Petitioner maintains that, as a result, the judges of this Court are "bias[ed] in favor of Burns, and prejudice[d] against Petitioner." (*Id*.)

Under both sections 144 and 455, a judge should recuse him or herself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). Here, the Court finds that Petitioner's claims are too vague and contain no specific allegations relating to this Court or any of the other Southern District Judges and Magistrate Judges, other than the claims against United States District Court Chief Judge

Larry Burns who is not presiding over this matter. Absent some specific allegation of personal bias, prejudice or interest, there is no showing that the Court's impartiality may reasonably be questioned. *See Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1980) ("In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to require recusal). Petitioner's conclusory and vague allegations are insufficient to establish bias by this Court or that the impartiality of this Court might reasonably be questioned. Petitioner's Motion to Recuse all District Judges and Magistrate Judges in the Southern District of California is **DENIED**.

## PETITION BARRED BY GATEKEEPER PROVISION

The instant Petition is not the first Petition for a Writ of Habeas Corpus that Petitioner has submitted to this Court challenging his March 1990 murder conviction in San Diego County Superior Court Case No. CRN16848. On April 23, 1997, Petitioner filed in a Court a Petition for Writ of Habeas Corpus in case number 97cv0749 J (JFS). In that petition, Petitioner challenged his 1990 murder conviction as well. On June 15, 2001, the Court denied the petition on the merits. *See Harrison v. Helman*, 97-cv-0749-J-JFS (June 15, 2001 S.D. Cal.) (ECF No. 66). Petitioner appealed the decision to the United States Court of Appeals for the Ninth Circuit. *Id.* (ECF No. 79.) On January 2, 2003, the Ninth Circuit affirmed the district court's decision. *See Harrison v. Helman, et al.*, No. 01-56475 (9th Cir. Jan. 2, 2003) (ECF No. 92).

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient

to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Based on the foregoing, Petitioner's Motion to Recuse All District and Magistrate Judges is **DENIED**. Further, because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. Petitioner's Motion to Proceed in Forma Pauperis is **DENIED** as moot. For Petitioner's convenience, the Clerk of Court shall attach a blank Ninth Circuit Application for Leave to File Second or Successive Petition.

Lastly, Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and reasonable jurists would not find debatable this Court's assessment of his claims. *See* 28 U.S.C. § 2253(c). As such, a certificate of appealability is **DENIED**. *See* Rules Governing § 2254 Cases, Rule 11(a) (requiring the district court that issues an order denying a habeas petition to either grant or deny a certificate of appealability).

**IT IS SO ORDERED**.

**DATED: April 13, 2020**

Hon. Cynthia Bashant
United States District Judge

19cv0647-BAS-MSB